**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

AMINATA KAMARA WRIGHT,
Petitioner,

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

No. 96-2123

On Petition for Review of an Order
of the Board of Immigration Appeals.
(No. A72-393-859)

Submitted: February 11, 1997

Decided: September 16, 1997

Before NIEMEYER and WILKINS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

**COUNSEL**

Germaine Wright Sobral, GUTJAHR & MONTAGUT, Falls Church,
Virginia, for Petitioner. Frank W. Hunger, Assistant Attorney Gen-
eral, Charles E. Pazar, Senior Litigation Counsel, Linda S. Wernery,
Office of Immigration Litigation, UNITED STATES DEPART-
MENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Aminata K. Wright petitions for review of a final order of the Board of Immigration Appeals (Board) denying her application for asylum and withholding of deportation. Because substantial evidence supports the Board's decision, we deny the petition.

The Immigration and Nationality Act (Act) authorizes the Attorney General, in her discretion, to confer asylum on any"refugee." 8 U.S.C. § 1158(a) (1994). The Act defines a"refugee" as a person unwilling or unable to return to her native country"because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (1994); see M.A. v. INS, 899 F.2d 304, 307 (4th Cir. 1990) (in banc).

The "well-founded fear of persecution" standard contains both a subjective and an objective component. An applicant may satisfy the subjective element by presenting "`candid, credible, and sincere testimony' demonstrating a genuine fear of persecution." Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir. 1992); see Figeroa v. INS, 886 F.2d 76, 79 (4th Cir. 1989). The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992).

We must uphold the Board's determination that Wright is not eligible for asylum if the determination is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. § 1105a(a)(4) (1994). We accord the Board all possible deference. Huaman-Cornelio, 979 F.2d at 999. The decision may be "reversed only if the evidence presented by [Wright] was such that a reasonable factfinder would have to conclude that the requisite fear

2

of persecution existed." See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

Wright, who overstayed a tourist visa in the United States in the fall of 1991, contends that the Board erred in finding that she had no well-founded fear of persecution. After a careful review of the administrative record, we find that the evidence simply does not compel the conclusion that a reasonable person in Wright's circumstances would fear persecution if she returned to Sierra Leone. Huaman-Cornelio, 979 F.2d at 999.

Evidence established that Wright, a native and citizen of Sierra Leone, was an active member of the All People's Congress (APC) for twenty-one years. In April 1992, the APC-controlled government was overthrown by a military group which took over the government. While APC members, including Wright's brother-in-law, were singled out for mistreatment in the year following the coup, there is no evidence that APC members have been subject to persecution since that time.

Wright maintains that her fear is objectively reasonable because officials searched her home in Sierra Leone in April 1993, confiscated her APC membership materials, and detained her mother for two days. While we do not discount the seriousness of these events, the record adequately supports the Board's finding that conditions have changed in Sierra Leone and that APC members have not been singled out for mistreatment in recent years.

The standard for withholding of deportation is more stringent than that for granting asylum. INS v. Cardoza-Fonseca , 480 U.S. 421, 431-32 (1987). To qualify for withholding of deportation, an applicant must demonstrate a "clear probability of persecution." Id. at 430. As Wright has not established entitlement to asylum, she cannot meet the higher standard for withholding of deportation.

We accordingly deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

3